*1:07mc21-SSB*



FILED

JUL 09 2008

CLERK OF COURT
SUPREME COURT OF OHIO

# The Supreme Court of Ohio

Case No. 08-107

Cincinnati Bar Association, and
Disciplinary Counsel,
    Relator,
        v.
Kenneth Lawson,
    Respondent.

ON CERTIFIED REPORT BY THE
BOARD OF COMMISSIONERS ON
GRIEVANCES AND DISCIPLINE OF
THE SUPREME COURT

ORDER

      The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on January 15, 2008, recommending that pursuant to Rule V(6)(B)(2) of the Supreme Court Rules for the Government of the Bar of Ohio the respondent, Kenneth Lawson, be indefinitely suspended from the practice of law. Respondent filed no objections to said Final Report, and this cause was considered by the court. On consideration thereof,

      It is ordered and adjudged by this court that pursuant to Gov.Bar R. V(6)(B)(2), and consistent with the opinion rendered herein, respondent, Kenneth Lawson, Attorney Registration Number 0042468, last known business address in Cincinnati, Ohio, be indefinitely suspended from the practice of law. It is further ordered that in addition to the requirements of Gov.Bar R. V(10)(B), respondent shall file proof of the following, upon petitioning for reinstatement: (1) that he has been continuously sober during his suspension and has otherwise complied with his Ohio Lawyers Assistance Program contract; (2) that he has maintained his active involvement in Alcoholics Anonymous; (3) through the report of a qualified health-care professional or substance abuse counselor, that he is capable of returning to the ethical and professional practice of law; and, (4) that he has made restitution to all grievants.

      It is further ordered that the respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

      It is further ordered that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

      It is further ordered that the respondent is hereby divested of each, any, and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

      It is further ordered that respondent be taxed the costs of these proceedings in the amount of $5,307.07, which costs shall be payable to this court by certified check or money order on or before 90 days from the date of this order. It is further ordered that if these costs are not paid in full on or before 90 days from the date of this order, interest at the rate of 10% per annum shall accrue as of 90 days from the date of this order, on the balance of unpaid Board costs. It is

further ordered that respondent may not petition for reinstatement until such time as respondent pays costs in full, including any accrued interest.

It is further ordered that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

It is further ordered, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; and (4) this court orders respondent reinstated.

It is further ordered that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and.

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the Clerk, the Cincinnati Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

THOMAS J. MOYER
Chief Justice

I HEREBY CERTIFY that this document is a true and accurate copy of the entry of the Supreme Court of Ohio filed _____ in Supreme Court case number _____

In witness whereof I have hereunto subscribed my name and affixed the seal of the Supreme Court of Ohio on this _____ day of _____, 20___

_____, CLERK OF COURT
by _____, Deputy