FILED
SEP 20 2011
CLERK OF COURT
SUPREME COURT OF OHIO

# The Supreme Court of Ohio

Disciplinary Counsel,
  Relator,
  v.
Kenneth Levon Lawson,
  Respondent.

Case No. 2011-0131

ON CERTIFIED REPORT BY THE
BOARD OF COMMISSIONERS ON
GRIEVANCES AND DISCIPLINE OF
THE SUPREME COURT

ORDER

  On July 31, 2009, in *In re: Kenneth L. Lawson*, Case No. 2009-1163, respondent, Kenneth Levon Lawson, was suspended on an interim basis pursuant to Gov.Bar R. V(5). Pursuant to this court's order, respondent was required to file with the clerk of this court an affidavit showing compliance with the order, showing proof of service of all notices required by the order, and setting forth the address where respondent would receive communications. Respondent did not file an affidavit of compliance.

  The Board of Commissioners on Grievances and Discipline filed its final report in this court on January 24, 2011, recommending that pursuant to Rule V(6)(B)(1) of the Supreme Court Rules for the Government of the Bar of Ohio respondent, Kenneth Levon Lawson, be indefinitely suspended from the practice of law with the suspension to run consecutively to the indefinite suspension imposed in *Cincinnati Bar Assn. v. Lawson*, Case No. 2008-0107. Respondent filed objections to said final report, relator filed an answer, and this cause was considered by the court.

  On consideration thereof, it is ordered and adjudged by this court that Case No. 2009-1163 is dismissed and that, pursuant to Gov.Bar R. V(6)(B)(1), respondent, Kenneth Levon Lawson, Attorney Registration Number 0042468, last known business address in Cincinnati, Ohio, is permanently disbarred from the practice of law consistent with the opinion rendered herein.

  It is further ordered that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

  It is further ordered that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

  It is further ordered that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

  It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant

to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1), and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered that respondent shall not enter into an employment, contractual, or consulting relationship with an attorney or law firm with which respondent was associated as a partner, shareholder, member or employee at the time respondent engaged in the misconduct that resulted in this disbarment.

It is further ordered that respondent surrender his certificate of admission to practice to the clerk of the court on or before 30 days from the date of this order, and that respondent's name be stricken from the roll of attorneys maintained by this court.

It is further ordered that respondent be taxed the costs of these proceedings in the amount of $2,367.71, which costs shall be payable to this court by cashier's check or money order on or before 90 days from the date of this order. It is further ordered that if these costs are not paid in full on or before 90 days from the date of this order, interest at the rate of 10% per annum shall accrue as of 90 days from the date of this order, on the balance of unpaid board costs, respondent will be found in contempt of the Supreme Court, and the matter will be referred to the office of the Attorney General for collection.

It is further ordered, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's disbarment and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where respondent may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

I HEREBY CERTIFY that this document is a true and accurate copy of the entry of the Supreme Court of Ohio filed _September 20, 2011_ in Supreme Court case number _2011-1131_

In witness whereof I have hereunto subscribed my name and affixed the seal of the Supreme Court of Ohio on this _20th_ day of _September_ 20 _11_

CLERK OF COURT
by _____, Deputy

Maureen O'Connor
Chief Justice